UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI CORRECTIONAL FACILITY, <br><br> Defendant. | No. 3:23 CV 1058 |

## OPINION and ORDER

Nathan Anderson, a prisoner without a lawyer, filed a complaint against the Miami Correctional Facility. (DE # 1.) Anderson alleges that, on January 12, 2023, he was released from administrative segregation and realized his property was missing.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, the Miami Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, Anderson cannot proceed against the Miami Correctional Facility.

While the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," if a state has a tort claims act that provides a remedy for property loss, the requirement for due process is satisfied. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, the complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, that is the case here.

3

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: March 15, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT